DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which granted appellees' motion to stay proceedings and compel arbitration. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, Leroy and Rebecca Lentz, set forth the following sole assignment of error:
 {¶ 3} "The trial court erred when it granted Defendant's Motion to Stay Proceedings and Compel Arbitration." *Page 2 
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. In August 2006, appellants contacted appellee Peridia, Inc. to discuss contracting with the company for the construction of a single-family residential dwelling in Sandusky, Ohio. Appellants had previously discussed the details of this construction project with another residential contractor but elected to explore other options.
 {¶ 5} During negotiations between the parties, appellants successfully secured various concessions from Peridia. The amended contract apportioned more costs and imposed more duties upon Peridia than the original proposed contract. The amended purchase agreement was executed on August 18, 2006.
 {¶ 6} Of greatest significance to this case, paragraph 19 of the purchase agreement, a mandatory arbitration provision, was not amended or renegotiated. This mandatory arbitration clause became part of the final contract between the parties.
 {¶ 7} In the summer of 2007, as the residential construction project was nearing completion, disputes connected to the project arose between the parties. On July 24, 2007, appellants filed suit against appellees.
 {¶ 8} On October 10, 2007, appellees filed a motion to stay proceedings and compel arbitration. On October 22, 2007, appellants filed a brief in opposition. On October 26, 2007, appellees filed a reply brief in support of their motion. On November 19, 2007, the trial court issued its judgment granting appellees' motion to stay proceedings and compel arbitration. Timely notice of appeal was filed. *Page 3 
 {¶ 9} In their assignment of error, appellants assert that the trial court erred in granting appellees' motion to stay proceedings and compel arbitration. Appellants contend that the arbitration clause contained in the purchase agreement is unconscionable and unenforceable.
 {¶ 10} In support of this argument, appellants rely upon various factors such as the use of a standard contract, the failure of appellees to somehow specifically point out or call attention to the arbitration clause to appellants, the failure of appellees to "warn" appellants of the potential of high costs associated with arbitration, the alleged unequal bargaining power between the parties, and various other factors.
 {¶ 11} Appellate review of a trial court judgment enforcing a mandatory arbitration provision is conducted on a de novo basis.Taylor Bldg. Corp. v. Benfield, 117 Ohio St.3d 352, 2008-Ohio-938.
 {¶ 12} The purportedly unconscionable, and therefore unenforceable, arbitration provision establishes in relevant part that, "all acts, statements, omissions, disputes, claims, or controversies arising from or relating to, in any manner, the contract documents * * * whether such claim is based in contract or negligence or other law or statute, shall be resolved by binding arbitration."
 {¶ 13} Appellees accurately point out that Ohio adheres to public policy strongly favoring dispute resolution via arbitration. Ohio's presumption in favor of arbitration is reflected in R.C. 2711.01, which statutorily affirms the general validity of arbitration *Page 4 
provisions incorporated in written contracts. Such provisions can only fail upon the same grounds that exist for revocation of any contract, such as being deemed unconscionable.
 {¶ 14} Appellants argue that the arbitration provision should be deemed unconscionable based upon certain delineated factors. For example, appellants argue that the use of a standard purchase agreement contract by appellees is demonstrative that the arbitration clause is procedurally unconscionable. However, the record shows that the use of a standard form contract did not in any way discourage or prevent appellants from successfully renegotiating to their advantage numerous other terms and provisions of that standard contract.
 {¶ 15} In addition, appellants assert, without evidentiary support, that there was unequal bargaining power between the parties. There is no compelling or persuasive evidence in the record in support of this contention. The record contains no evidence or indicia that Peridia exerted any improper tactics or practices that can be construed in support of this contention.
 {¶ 16} Appellants also set forth numerous allegedly improper omissions on the part of appellees that allegedly cumulatively constitute evidence that the arbitration clause was unconscionable. For example, appellants assert that appellees did not somehow specifically highlight or point out the arbitration clause to appellants and explain the possibility of high costs associated with arbitration.
 {¶ 17} We note simply that appellants provide no compelling evidence of any legal duty incumbent upon appellee to go to such suggested lengths in the course of *Page 5 
negotiating the proposed contract. More significantly, we note that appellants elected to not utilize independent legal representation prior to executing the purchase agreement. There is no evidence that appellants were in any way barred or discouraged from engaging legal counsel to review the contract prior to its execution. The record shows that despite the absence of counsel on their behalf, appellants prevailed in renegotiating and amending various terms and provisions of the contract in their favor prior to its execution.
 {¶ 18} The record does not contain evidence establishing that the disputed arbitration provision is unconscionable. Given the lack of indicia of unenforceability of the contract and its mandatory arbitration clause, in conjunction with Ohio's statutory and public policy preference for arbitration, we find that the trial court properly granted appellees' motion to stay proceedings and compel arbitration. Appellants' assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1